IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2025

## EVON KAY CREGER v. DANIEL WILLIAM CREGER

**Appeal from the Chancery Court for Rutherford County**
**No. 19CV-68     Darrell Scarlett, Chancellor**

_____

### No. M2025-01380-COA-T10B-CV

_____

This is an accelerated interlocutory appeal as of right.  The petitioner seeks review of the trial court's denial of his motion for recusal.  Discerning no error upon our review of the petition for recusal appeal, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Daniel William Creger, Nashville, Tennessee, pro se appellant.

Daryl Miller South, Murfreesboro, Tennessee, for the appellee, Evon Kay Creger.

## OPINION

### I.     BACKGROUND

Appellant Daniel William Creger ("Father") and Appellee Evon Kay Creger ("Mother") have been litigating post-divorce parenting plan issues for years.  One of their children has reached the age of majority.  The parenting plan was affirmed by this Court on appeal, and Mother, as appellee, was awarded damages for defending a frivolous appeal. *Creger v. Creger*, No. M2022-00558-COA-R3-CV, 2023 WL 2533213 (Tenn. Ct. App. Mar. 16, 2023).

On August 4, 2025, Father filed a motion to recuse the trial judge currently assigned to this case, The Honorable Darrell Scarlett.  On August 12, 2025, Father filed an amended motion to recuse.  He asserted that "the cumulative conduct of Judge Scarlett has created

both the appearance of bias and demonstrated actual bias and misconduct, resulting in ongoing violations of [Father's] constitutional rights."

By order entered August 20, 2025, Judge Scarlett denied Father's motion to recuse. He found that several of the allegations within Father's motion were related to actions taken by two previous trial judges assigned to this case, actions with which Judge Scarlett was not involved. Judge Scarlett considered both Father's original and amended motions to recuse and specifically addressed the asserted grounds for recusal. On September 10, 2025, Father filed the instant interlocutory appeal as of right from the trial court's order denying recusal, pursuant to Tennessee Supreme Court Rule 10B.

## II.    DISCUSSION

We have reviewed Father's Rule 10B petition and its supporting documents filed September 10. Upon review, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Father does not demonstrate error by the trial judge as to the denial of Father's motion for recusal. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002), *abrogated on other grounds by State v. Miller*, 638 S.W.3d 136 (Tenn. 2021)); *see also* Tenn. Const. Art. VI, § 11. Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (Recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" (quoting *Bean*, 280 S.W.3d at 805)). "A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the

facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). However, "[n]ot every bias, partiality, or prejudice merits recusal." *Id.* "Adverse rulings by a trial court are not usually sufficient grounds to establish bias." *Id.* In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* In other words, "if the bias is alleged to stem from events occurring in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *3 (Tenn. Ct. App. Feb. 11, 2014).

We review a trial court's ruling on a motion for recusal *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof." *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *McKenzie*, 2014 WL 575908, at *6 n.3.

From the record, it appears Father takes issue with an order of protection entered against him in 2019 by another trial judge, a June 20, 2020, order signed by another trial judge, his unsuccessful bid to "request[] clinical records to challenge affidavits," a temporary restraining order entered in 2022 by another trial judge and dissolved by Judge Scarlett as to one of the children in 2024, and Mother's counsel's "clear misconduct" at an unspecified point in the litigation. We will not consider Father's attempt to relitigate various orders and rulings in this case. The only order this Court may review as to its correctness or merits in a Rule 10B recusal appeal is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings . . . .").

Turning now to the order appealed from, Judge Scarlett denied Father's motion for recusal for multiple reasons. Judge Scarlett found that Father's assertion that denial of his request for clinical records amounted to a violation of the *Brady* doctrine was both incorrect, as this is not a criminal case to which *Brady* is applicable, and not a proper basis

for recusal.[1]  Upon de novo review, we agree.  Additionally, Judge Scarlett noted that on June 5, 2025, Father filed a motion to dismiss the temporary restraining order, and it was set for hearing on August 29, 2025.  The August 29 hearing would have been the first evidentiary hearing on the temporary restraining order because the parties have agreed to continue previous hearings.  Instead of proceeding to that hearing, Father moved to recuse Judge Scarlett, citing the length of time the temporary restraining order has been in place and arguing that it amounts to the termination of his parental rights so he is entitled to appointed counsel.  We agree with Judge Scarlett's finding that this action is not a termination of parental rights case for which a party is entitled to appointed counsel.  From our review, it appears that Father's complaints are premature and do not relate to specific rulings that the current trial judge has made.[2]  As such, they are not bases for recusal.

Upon review of the petition for recusal appeal and all supporting exhibits, we find no basis upon which to conclude that a person of ordinary prudence in the trial judge's position, knowing all of the facts known to him, would find a reasonable basis for questioning the trial judge's impartiality.  *See Davis*, 38 S.W.3d at 564; Tenn. Sup. Ct. R. 10, RJC 2.11(A).  With the foregoing considerations in mind, we affirm the trial court's August 20, 2025, order denying Father's motion for recusal.

### III.    CONCLUSION

We affirm the trial court's August 20, 2025 order.  The case is remanded for further proceedings.  Costs of the appeal are taxed to the appellant, Daniel William Creger.

_____
JOHN W. McCLARTY, JUDGE

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] Again, the mere fact that a judge has ruled adversely to a party is not grounds for recusal.  *Alley*, 882 S.W.2d at 821; *see also Cullum v. Baptist Hosp. Sys., Inc.*, No. M2014-01905-COA-T10B-CV, 2014 WL 5511472, at *3 (Tenn. Ct. App. Oct. 31, 2014).